Sharon D. HOLMES, On Behalf of Herself and Others Similarly Situated, Plaintiff,

v.

CHARLESTON RETIREMENT INVESTORS, LLC, and Century Park Associates, LLC, Defendants.

Case No. 2:13–cv–1713–PMD.

United States District Court, D. South Carolina, Charleston Division.

Signed Feb. 25, 2014.

x

Marybeth E. Mullaney, Mullaney Law, Mount Pleasant, SC, William Clark Tucker, Tucker Law Firm, Charlottesville, VA, for Plaintiff.

Brian Edward Johnson, Molly Agnes Hood Craig, Elloree A. Ganes, William Marshall O'Neil, Hood Law Firm, Charleston, SC, Brandon V. Dhande, Lisa A. Schreter, Littler Mendelson, Atlanta, GA, Jerry H. Walters, Jr., Littler Mendelson, Charlotte, NC, for Defendants.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the Court upon Plaintiff Sharon D. Holmes's motion for conditional class certification ("Motion"). Plaintiff Holmes seeks conditional certification of a putative class pursuant to the collective action provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the reasons that follow, the Court grants Plaintiff Holmes's Motion.

## BACKGROUND

Defendants Charleston Retirement Investors, LLC, and Century Park Associates, LLC (collectively "Defendants") own and operate The Bridge at Charleston ("The Bridge"), a senior assisted living and

rehabilitation facility in North Charleston, South Carolina. Plaintiff Sharon Holmes ("Holmes") worked as a care aide[1] for Defendants from approximately April 2005 until January 2013. On June 22, 2013, Holmes filed this action on behalf of herself and all others similarly situated, alleging that Defendants violated the FLSA by failing to pay overtime compensation for non-exempt employees who worked more than forty hours in a work week. Specifically, Holmes alleges that Defendants automatically deducted thirty minutes from her time sheet for a meal break, even though Holmes rarely had an uninterrupted meal break because she was required to respond to residents' calls during her meal break. In her third amended complaint, filed on December 9, 2013, Holmes added Opt-in Plaintiffs Vanessa White and Prencess S. Simmons as well as a claim that Defendants failed to include the employees' work as a sitter—a position that required the employee to provide care to only one resident for the entire shift—in the calculation of total number of hours worked. According to Holmes, as a result of these two policies or practices, employees regularly worked in excess of forty hours per week without receiving overtime compensation.

Holmes filed the instant Motion on November 21, 2013, seeking conditional class certification. Defendants filed a response in opposition to the motion for conditional certification on January 13, 2014, and Holmes filed her reply on January 24. The motion is ripe for review.

## STANDARD OF REVIEW

The collective action provision, 29 U.S.C. § 216(b), provides:

> An action to recover [unpaid overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"The Supreme Court has held that, in order to expedite the manner in which collective actions under the FLSA are assembled, 'district courts have discretion in appropriate cases to implement ... § 216(b) ... by facilitating notice to potential plaintiffs.' " *Purdham v. Fairfax Cnty. Pub. Schs.*, 629 F.Supp.2d 544, 547 (E.D.Va.2009) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)).

 Certification of a collective action is a two-stage process.[2] *Pelczynski v.*

---

**1.** The parties use different terms to describe Holmes's position, referring to her both as a "care aide" and as a "certified nursing assistant" or "CNA." The Court will use the term "care aide" to describe her position.

**2.** The Court finds no merit in Defendants' argument that the two-stage process violates the Rules Enabling Act. *See, e.g., Hoffmann–La Roche, Inc.*, 493 U.S. at 171, 110 S.Ct. 482 (explaining that "[b]ecause trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its

involvement early, at the point of the initial notice, rather than at some later time"); *Pelczynski v. Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 368 (D.S.C.2012) ("The standards of Rule 23 of the Federal Rules of Civil Procedure are inapplicable to § 216(b) collective actions."); *Simons v. Pryor's, Inc.*, No. 3:11–cv–0792–CMC, 2011 WL 3158724, at *1 (D.S.C. July 26, 2011) (observing that "unlike a class action under Fed.R.Civ.P. 23(b), a collective action under the FLSA includes only those persons who consent in writing to become a party," a distinction that "has led most courts to apply a two-stage approach to certification under Section 216(b)").

*Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 367 (D.S.C.2012); *Simons v. Pryor's, Inc.*, No. 3:11–cv–0792–CMC, 2011 WL 6012484, at *1 (D.S.C. Nov. 30, 2011); *MacGregor v. Farmers Ins. Exch.*, No. 2:10–cv–03088–DNC, 2011 WL 2981466, at *2 (D.S.C. July 22, 2011). "First, a plaintiff seeks conditional certification by the district court in order to provide notice to similarly situated plaintiffs" that they can "opt-in" to the collective action. *Pelczynski*, 284 F.R.D. at 367–68. At this "notice stage," the court reviews the pleadings and affidavits to determine whether the plaintiff has carried her burden of showing that she is similarly situated to the proposed class members. *Id.* at 368; *Purdham*, 629 F.Supp.2d at 547–48. "Because the court has minimal evidence, this determination is made using a fairly lenient standard," *Steinberg v. TQ Logistics, Inc.*, No. 0:10–cv–2507–JFA, 2011 WL 1335191, at *1 (D.S.C. Apr. 7, 2011), requiring plaintiffs to make a "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law," *Purdham*, 629 F.Supp.2d at 548. If the court determines that the proposed class members are similarly situated, the court conditionally certifies the class, *Steinberg*, 2011 WL 1335191, at *1. The putative class members then are given notice and the opportunity to "opt-in," and the action proceeds as a representative action throughout discovery. *Id.* (citing *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y.2005)). Although the standard of review at the notice stage is fairly lenient, "courts should not exercise their discretion to facilitate notice unless '[t]he facts and the circumstances of the case illustrate' that a class of 'similarly situated' aggrieved employees exists." *Purdham*, 629 F.Supp.2d at 547–48 (quoting *Hoffmann–La Roche, Inc.*, 493 U.S. at 170, 110 S.Ct. 482).

Second, after the court has conditionally certified the class, the potential class members have been identified and notified, and discovery has been completed, "a defendant may then move to decertify the collective action, pointing to a more developed record to support its contention that the plaintiffs are not similarly situated to the extent that a collective action would be the appropriate vehicle for relief." *Pelczynski*, 284 F.R.D. at 368. At this "decertification stage," the court applies a heightened fact-specific standard to the "similarly situated" analysis. *Steinberg*, 2011 WL 1335191, at *2; *see Pelczynski*, 284 F.R.D. at 368. "Courts have identified a number of factors to consider at this stage, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Curtis v. Time Warner Entm't–Advance/Newhouse P'ship*, No. 3:12–cv–2370–JFA, 2013 WL 1874848, at *3 (D.S.C. May 3, 2013) (internal quotation marks and alterations omitted). If the court determines that the plaintiffs are not, in fact, similarly situated, the court may decertify the class, dismiss without prejudice the opt-in plaintiffs' claims, and permit the named plaintiffs to proceed on their individual claims. *Id.*

Although the instant motion seeks a first-stage certification determination, Defendants contend that this Court should apply an "intermediate" standard of review instead of the more lenient standard typically used at this stage. The Court notes that some district courts have used a heightened level of scrutiny when reviewing a motion for conditional certification in cases "where the parties have already engaged in substantial discovery." *MacGregor v. Farmers Ins. Exch.*, No. 2:10–CV–03088, 2012 WL 2974679, at *2 (D.S.C.

July 20, 2012). In this case, however, although the parties have completed some discovery, including taking several depositions, it appears to the Court that significant additional discovery remains. "Where extensive discovery remains, courts usually apply the more lenient standard applicable at the first step." *Curtis,* 2013 WL 1874848, at *3 (applying the more lenient standard where parties had engaged in some discovery); *see McKnight v. D. Houston, Inc.,* 756 F.Supp.2d 794, 802 (S.D.Tex.2010) (applying lenient standard where some discovery had been conducted but significant additional discovery remained to be completed). Accordingly, the Court will apply the more lenient standard to Holmes's Motion.

## *ANALYSIS*

Holmes seeks conditional certification for the following classes:

A. All current and former employees of [The Bridge] who performed "caregiving services" [as Care Aides and Med Techs] and from whom the Defendants deducted time for a meal break that the employees never received so that the employees worked more than forty (40) hours in a workweek without being paid overtime compensation for their overtime hours worked during the time period beginning June 22, 2010 through the present; and

B. All current and former [Care Aides and Med Techs who worked at The Bridge,] performed work as a "sitter" and worked more than forty (40) hours in a workweek without being paid overtime compensation for their overtime hours worked during the time period beginning June 22, 2010 through the present.

Pl.'s Mot. for Conditional Certification 3, ECF 40; *see* Pls.' Reply Mem. 1, ECF 55. The Court will refer to the first class as the "caregiving class" and the second class as the "sitter class."

## I. The Caregiving Class

In support of her Motion, Holmes has provided the Court with declarations from herself and three other former employees of The Bridge. The four declarants—three Care Aides and one Med Tech—stated that they had similar caregiving duties and hourly pay. Furthermore, all of the declarants stated that they were given a "walkie-talkie" that had to remain on throughout an entire shift, including meal breaks, and that if a resident needed assistance, the declarants were notified via walkie-talkie and had to respond "immediately," regardless of whether or not they were taking a meal break. Each declarant further stated that Defendants automatically deducted time each shift for meal breaks even though the declarants were not completely relieved of their responsibilities and rarely had an uninterrupted meal break. All of the declarants asserted that they regularly worked more than forty hours in a week.

 Defendants put forth a number of arguments against conditional certification of the caregiving class. First, they contend that Holmes fails to articulate a policy or practice in violation of the FLSA, as Defendants' policy to automatically deduct meal breaks from her time records is a lawful policy and the alleged failure to compensate for interrupted meal breaks was merely the result of failing to follow a policy. It is true that a policy to automatically deduct pay for meal periods is not, by itself, unlawful under the FLSA. *Blaney v. Charlotte–Mecklenburg Hosp. Auth.,* No. 3:10–CV–592–FDW–DSC, 2011 WL 4351631, at *6 (W.D.N.C. Sept. 16, 2011). However, the record evidence provides initial support for Holmes's allegations that Defendants had a common policy of requiring caregivers to respond to residents'

calls during meal breaks while also automatically deducting those interrupted meal breaks from the caregivers' time sheets, resulting in a common practice of deducting thirty minutes for meal breaks that Defendants knew the employees did not receive. Thus, Holmes has alleged a practice that violated the FLSA. *See* 29 C.F.R. § 785.19 (explaining that an "employee must be completely relieved from duty for the purposes of eating regular meals" and "is not relieved if he is required to perform any duties, whether active or inactive, while eating").

Defendants next argue that Plaintiffs' claims and Defendants' potential defenses will require highly individualized inquiries and thus the claims are inappropriate for class treatment. However, the Court concludes that this argument is premature and more appropriately considered during the second stage of the collective action certification when the evidentiary record and Defendants' defenses have been fully developed. *See Benbow v. Gold Kist, Inc.*, No. 3:06–cv–02751–MBS, 2007 WL 7595027, at *2 (D.S.C. Apr. 16, 2007) ("While each claim may differ as to amount, such determinations are the subject of the merits of the parties' claims, which are not at issue at this [notice] stage of the litigation."); *see, e.g., Zivali V. A.T. & T. Mobility, LLC*, 784 F.Supp.2d 456, 464 (S.D.N.Y.2011) (decertifying a class at the second stage upon finding that the evidence showed an "extremely wide range of company practices in the context of varied factual and employment settings" and that defendant's defenses were highly individual to each plaintiff). The Court notes that unlike many of the cases cited by Defendants, the proposed class here all worked in the same facility under the same managers and thus there likely was little variation in the policies to which they were subjected. *Cf. MacGregor*, 2011 WL 2981466, at *4 ("In the present case, plaintiffs ask to conditionally certify a nation-wide class of PCRs who worked for numerous different supervisors throughout the country. The facts presented do not suggest that a suit would involve anything other than inquiries into independent supervisor decisions regarding each individual PCR's requested, approved, and refused hours."); *Blaney*, 2011 WL 4351631, at *7 (refusing to certify a class where there was "wide variance, depending on which unit a nurse or NA is assigned to, in the use of signaling devices and 'on-call' requirements, ... in the way meal breaks are scheduled, and where meal breaks are taken").

 Finally, Defendants argue that Holmes's proposed classes are in conflict with each other because they include both supervisors (Med Techs) and subordinates (Care Aides). However, there is conflicting evidence in the record regarding whether or not Med Techs were supervisors over other caregiving employees, and the Court will not resolve factual disputes at this first stage of the collective action. *See Barrus v. Dick's Sporting Goods, Inc.*, 465 F.Supp.2d 224, 230 (W.D.N.Y.2006) ("It is not the Court's role to resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations at the preliminary certification stage of an FLSA collective action."); *Trezvant v. Fid. Emp'r Servs. Corp.*, 434 F.Supp.2d 40, 43 (D.Mass.2006) ("At this stage, courts do not need to make any findings of fact with respect to contradictory evidence presented by the parties or make any credibility determinations with respect to the evidence presented." (internal quotation marks omitted)). The Court concludes that Holmes has submitted sufficient evidence to make a preliminary showing, under the lenient standard of the notice stage, that she is similarly situated to Med Techs. It may be that she will not be able to satisfy the heightened standard applied at stage two, but the Court will make that determination only if Defen-

dants move to decertify the class after discovery.

Upon review of Plaintiff's Third Amended Complaint and the four declarations, the Court concludes that the evidence is sufficient to meet the lenient standard of stage one of the class certification process with respect to the caregiving class. Moreover, the Court concludes that Holmes has met her burden of showing that she is similarly situated to the proposed members of the caregiving class. Accordingly, the Court grants conditional collective action certification as to the caregiving class.

## II. The Sitter Class

The Third Amended Complaint alleges that it was common practice for Holmes and other similarly situated individuals to work as a sitter, which meant that Holmes was assigned to care for only one resident during the shift. Holmes further alleges that her work as a sitter was not included in the computing of total number of hours worked, which caused her to work more than forty hours a week without receiving overtime compensation. Although Holmes's declaration does not include the term "sitter" or any facts related to the work of a sitter, she testified in her deposition that she worked as a sitter one time before July 2009 and was paid directly from the family of the resident. The declarations of opt-in Plaintiffs White and Simmons provide further support for Holmes's allegation that it was a common practice for caregiving employees to work as a sitter without receiving credit for the time worked. White and Simmons state that they worked as sitters, often worked double shifts, but were not paid overtime for these shifts even though they worked over forty hours a week. Although the evidence Holmes has produced in support of the sitter class is less robust than the evidence in support of the caregiving class, the Court concludes that it is sufficient to satisfy the lenient standard of the notice stage. Accordingly, the Court finds that Holmes has met her burden of showing that she is similarly situated to the proposed members of the sitter class.

Defendants contend that Holmes lacks standing to assert "sitter" allegations because her claims are barred by the three-year statute of limitations. Holmes responds that she has standing because she suffered a personal injury as a result of Defendants failing to compensate her for her overtime work as a sitter. Moreover, she notes that the FLSA statute of limitations is subject to tolling arguments in certain instances, such as where the employer fails to provide notice of the employee's rights under the FLSA as required. Again, the Court finds that Defendants' argument is premature and can be better addressed at the second stage of the class certification process where the record is fully developed and the parties can more fully brief the issues related to Defendants' affirmative defenses. Accordingly, the Court grants conditional collective action certification as to the sitter class.

### CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff Holmes's motion for conditional class certification be **GRANTED.** Plaintiff shall have ten (10) days from the date of this order to submit an agreed upon notice for the Court's approval. In the event the parties are unable to agree, Plaintiff shall submit the proposed notice to the Court within fifteen (15) days from the date of this order. Thereafter, Defendants will have five (5) days to file any objections to Plaintiff's proposal.

**AND IT IS SO ORDERED.**